Alfred Clayton, Jr.
ABA No. 9111079
CLAYTON & DIEMER, LLC
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile: (907) 276-2956
E-mail: Al.Clayton@cdlaw.pro

Lawyers for Plaintiff Allstate Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BEVERLY ANN ANDERSON, Individually and as Personal Representative of the ESTATE OF CLIFFORD FRANCIS ADAMS, JR., MARIAN ADAMS, JUNEAU EMERGENCY MEDICAL ASSOCIATES, and TRAVIS K. ACEVEDA, <br><br> Defendants. | Case No. 1:21-cv-00011-JWS |

**COMPLAINT FOR
DECLARATORY JUDGMENT**

Plaintiff Allstate Insurance Company, through its lawyers, Clayton & Diemer, LLC complains and alleges as follows:

**I. PARTIES**

1. Allstate Insurance Company ("Allstate") is incorporated and has its principal place of business in the State of Illinois. Allstate is authorized to conduct business in the State of Alaska and has fully complied with all statutory prerequisites for bringing this suit.

2. Defendant Beverly Ann Anderson, individually, and as Personal Representative of the Estate of Clifford Francis Adams, Jr., is a resident of the State of Alaska.

3. Defendant Marian Adams is a resident of the State of Alaska.

4. Defendant Juneau Emergency Medical Associates is an Alaska corporation operating in Juneau, Alaska.

5. Defendant Travis K. Aceveda ("Aceveda") is a resident of the State of Alaska.

## II. JURISDICTION & VENUE

6. This is an action for declaratory judgment and other relief, for which the Court has jurisdiction pursuant to 28 U.S.C. § 2201.

7. This court has subject matter jurisdiction under 28 U.S.C. §1331(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2).

## III. GENERAL ALLEGATIONS

9. Allstate issued a Condominium Owners Policy (form AP411), Policy Number 807075352, to named insured Travis K. Aceveda for the premium period August 23, 2017 through August 23, 2018 for property located at 4401 Riverside Dr. Unit B4, Juneau, Alaska (hereinafter referred to as "Condo Policy"). A true and correct copy of the Condo Policy is attached hereto as Exhibit 1.

10. During the early morning hours of January 6, 2018, Aceveda exited the Imperial Bar in downtown Juneau and allegedly pushed Clifford Adams, Jr. and/or struck Clifford Adams, Jr. with the door to the bar causing him to fall and strike his head. Clifford Adams, Jr. died from the injuries he sustained as a result of the January 6, 2018 incident.

COMPLAINT FOR DECLARATORY JUDGMENT *Allstate v. Anderson, et al.*
Page 2 of 6 Case No. 1:21-cv-00011-JWS
Case 1:21-cv-00011-JWS   Document 1   Filed 05/25/21   Page 2 of 6

11. As a result of the January 6, 2018 incident, Aceveda was indicted on charges of Assault in the Third Degree in violation of AS 11.41.220(a)(4) in Case No. 1JU-19-00717CR. A true and correct copy of the Information Replacing Indictment is attached hereto as Exhibit 2.

12. Pursuant to a Rule 11 Agreement reached by the State of Alaska and Aceveda on or about January 19, 2021, Aceveda pled guilty to a reduced count of Assault in the Third Degree in violation of AS 11.41.220(a)(4), and admitted to the "most serious" aggravator under AS 12.55.155(c)(10). A true and correct copy of the Notice of Rule 11 Agreement is attached hereto as Exhibit 3; a true and correct copy of the Judgment and Order of Commitment/Probation is attached hereto as Exhibit 4.

13. At a May 11, 2021 sentencing hearing, Aceveda received a sentence of 5 years' incarceration with three years suspended as a result of his conviction of Assault in the Third Degree. Exhibit 4, Judgment and Order of Commitment/Probation.

14. On or about December 24, 2019, Marian Adams and Beverly Ann Anderson, individually and as the Personal Representative of the Estate of Clifford Adams, Jr., filed a Complaint for damages arising out of the January 6, 2018 incident against Juneau Emergency Medical Associates, City & Borough of Juneau/Barlett Regional Hospital, and the United States in the Superior Court for the State of Alaska, First Judicial District at Juneau, Case No. 1JU-19-01014 CI.

15. Case No. 1JU-19-01014 CI was removed to the U.S. District Court, Case No. 1:20-CV-00010-SLG, on or about September 21, 2020.

16. On or about December 8, 2020, Juneau Emergency Medical Associates filed a Third Party Complaint against Aceveda in Case No. 1:20-CV-00010-SLG alleging that Aceveda's negligence caused Clifford Adams, Jr.'s injury, and seeking equitable apportionment of fault

COMPLAINT FOR DECLARATORY JUDGMENT  *Allstate v. Anderson, et al.*
Page 3 of 6  Case No. 1:21-cv-00011-JWS
Case 1:21-cv-00011-JWS   Document 1   Filed 05/25/21   Page 3 of 6

against Aceveda pursuant to AS 09.17.080 (hereinafter referred to as "underlying Third Party Complaint"). A true and correct copy of the underlying Third Party Complaint is attached hereto as Exhibit 5.

## IV. CLAIM FOR DECLARATORY RELIEF

17. Allstate incorporates by reference all allegations in paragraphs 1-16.

18. Allstate Condo Policy Coverage X Family Liability Protection, Policy Number 807075352, is subject to exclusions from coverage. The claims asserted against Aceveda in the underlying Third Party Complaint are excluded from coverage pursuant to the following Policy exclusion:

1. **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
   a) such **insured person** lacks the mental capacity to govern his or her own conduct;
   b) such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
   c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.

Exhibit 1, Condo Policy at p. 18.

19. Allstate Condo Policy Coverage Y Guest Medical Protection, Policy Number 807075352, is subject to exclusions from coverage. The claims asserted against Aceveda in the underlying Third Party Complaint are excluded from coverage pursuant to the following Policy exclusion:

1. **We** do not cover any **bodily injury** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
   a) such **insured person** lacks the mental capacity to govern his or her own conduct;
   b) such **bodily injury** is of a different kind or degree than intended or reasonably expected; or

c) such **bodily injury** is sustained by a different person than intended or reasonably expected.

Exhibit 1, Condo Policy at p. 20.

20. Allstate is entitled to a declaration that the claims asserted against Aceveda in the underlying Third Party Complaint attached hereto as Exhibit 5 are not covered under the Allstate Condo Policy.

21. Allstate is entitled to a declaration that Allstate has no duty under the terms of the Allstate Condo Policy to defend Aceveda against the claims asserted in the underlying Third Party Complaint attached hereto as Exhibit 5.

22. Allstate is entitled to a declaration that Allstate has no duty under the terms of the Allstate Condo Policy to indemnify Aceveda for any sums he becomes legally obligated to pay Beverly Ann Anderson, individually and as Personal Representative of The Estate of Clifford Adams, Jr., and/or Marian Adams in the underlying Third Party Complaint attached hereto as Exhibit 5.

WHEREFORE, Plaintiff prays for relief as follows:

1. For judgment declaring that the claims asserted against Aceveda in the underlying Third Party Complaint attached hereto as Exhibit 5 are not covered under the Allstate Condo Policy;

2. For judgment declaring that Allstate has no duty under the terms of the Allstate Condo Policy to defend Aceveda against the claims asserted in the underlying Third Party Complaint attached hereto as Exhibit 5.

3. For judgment declaring that Allstate has no duty under the terms of the Allstate Condo Policy to indemnify Aceveda for any sums he becomes legally obligated to pay Beverly

COMPLAINT FOR DECLARATORY JUDGMENT  *Allstate v. Anderson, et al.*
Page 5 of 6  Case No. 1:21-cv-00011-JWS
Case 1:21-cv-00011-JWS   Document 1   Filed 05/25/21   Page 5 of 6

Ann Anderson, individually and as Personal Representative of The Estate of Clifford Adams, Jr., and/or Marian Adams in the underlying Complaint attached hereto as Exhibit 5.

4. For such other relief as the Court deems just and proper.

DATED at Anchorage, Alaska this 24th of May, 2021.

                CLAYTON & DIEMER, LLC
                Attorneys for Plaintiff

                By: */s/ Alfred Clayton, Jr.*
                Alfred Clayton, Jr.
                ABA No. 9111079

COMPLAINT FOR DECLARATORY JUDGMENT         *Allstate v. Anderson, et al.*
Page 6 of 6         Case No. 1:21-cv-00011-JWS
Case 1:21-cv-00011-JWS   Document 1   Filed 05/25/21   Page 6 of 6